AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

FILED 2020 JUN 25 AM 11:42

)
)
Larry Lee Robinson )
_____ )
*Petitioner* )
)
v. ) Case No. 5:20-cv-287-oc-37PRL
) *(Supplied by Clerk of Court)*
)
FCC- Coleman Low Warden )
_____ )
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name: Larry Lee Robinson
    (b) Other names you have used: Tony Sledge, Bobby Williams
2.  Place of confinement:
    (a) Name of institution: FCC Coleman - Low
    (b) Address: P.O. Box 1031 Coleman, Florida 33521

    (c) Your identification number: 59710-019
3.  Are you currently being held on orders by:
    ☒ Federal authorities     ☐ State authorities     ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: Northern District of Georgia Atlanta Division
    (b) Docket number of criminal case: No. 1:08-cr- 0005-SCJ-LTW-1
    (c) Date of sentencing: 10/16/2008
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: __US District Court for the Northern District of Georgia (Atlanta)__

(b) Docket number, case number, or opinion number: __1:16-cv-3139-SCJ__

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): __The conviction under 18 U.S.C. §922(g)(1)__

(d) Date of the decision or action: __05/29/2008__

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes      ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: __U.S. Court of Appeals for 11th Circuit__

(2) Date of filing: __August 11, 2009__

(3) Docket number, case number, or opinion number: __No. 08-16277__

(4) Result: __Denied__

(5) Date of result: __August 11, 2009__

(6) Issues raised: __U.S. District Court for the Northern District of Georgia improperly admitted evidence of his prior convictions under Fed. R. Evid. 404(b) and violated his Sixth Amendment rights and abused its discretion by not allowing him to cross-examine the arresting officer on a prior incident of alleged untruthfulness.__

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes    ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

   (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes    ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☒ Yes     ☐ No

    If "Yes," answer the following:

    (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☒ Yes     ☐ No

        If "Yes," provide:

        (1) Name of court: Northern District of Georgia - Atlanta Division
        (2) Case number: 1:11-cv-1183
        (3) Date of filing: 04/08/2011
        (4) Result: Denied
        (5) Date of result: 11/29/2012
        (6) Issues raised: Double Jeopardy / enhanced penalties

    (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

        ☒ Yes     ☐ No

        If "Yes," provide:

        (1) Name of court: Northern District Court of Georgia - Atlanta
        (2) Case number: 16-11928-G
        (3) Date of filing: 04/15/2016
        (4) Result: Denied
        (5) Date of result: 06/03/2016
        (6) Issues raised: Armed Career Criminal Act - enhanced panelties/ Denial of 2255.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

_The claim was precluded by binding circuit precedent at the time of the original §2255._

11. **Appeals of immigration proceedings**

    Does this case concern immigration proceedings?
    ☐ Yes ☒ No

    If "Yes," provide:
    (a) Date you were taken into immigration custody:
    (b) Date of the removal or reinstatement order:
    (c) Did you file an appeal with the Board of Immigration Appeals?
        ☐ Yes ☐ No
        If "Yes," provide:
        (1) Date of filing:
        (2) Case number:
        (3) Result:
        (4) Date of result:
        (5) Issues raised:

    (d) Did you appeal the decision to the United States Court of Appeals?
        ☐ Yes ☒ No
        If "Yes," provide:
        (1) Name of court:
        (2) Date of filing:
        (3) Case number:

(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes    ☒ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application: _____
    (b) Name of the authority, agency, or court: _____

    (c) Date of filing: _____
    (d) Docket number, case number, or opinion number: _____
    (e) Result: _____
    (f) Date of result: _____
    (g) Issues raised: _____

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **GROUND ONE:** The government failed to prove each element of the crime under the constitutionally required standard. The conviction required a finding that Mr. Robinson knew his status as a prohibited person, no such finding occured, the conviction violates due process.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

See continuation page.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☒ No

**GROUND TWO:** The criminal judgement and sentence violate due process since each rests on the mistaken determination that Mr. Robinson's prior convictions qualify as ACCA predicates.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

See continuation page.

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☒ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes            ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: My ground on was unavailable prior to change in the law which show that my conduct did not violate 922(g)(1); or more precisely that neither indictment nor the guilty plea expressed that I knew then of my statue as a prohibited person.

### Request for Relief

15. State exactly what you want the court to do: Vacate the judgement and resentence the petitioner to 10 years or less

Page 9 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 6-14-20

*Larry Robinson*
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

**CONTINUATION PAGE**

The recent spate of retroactively applicable Supreme Court decisions generate a waterfall of changes involving recidivist enhancement (sentencing factors) and aggravated convictions (recidivist facts as elements). E.g., 18 U.S.C. § 922(g)(1),924(e)(1); U.S.S.G. § 4b1.1. The problem for most prisoners is how to submit their claims to a court that has jurisdiction to adjudicate the merits. The governing statutory provisions of 28 U.S.C. § 2255(e) requires the prisoner to comply with 28 U.S.C. § 2255(e) or (h), unless both are (and always were) inadequate or ineffective to test the legality of the prisoners detention based on the grounds within the claims. See **United States v. Wheeler**, 886 F.3d 415 (4th Cir. 2019).

### Robinson Qualifies for Habeas Corpus Relief

Section § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal;
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

**Wheeler**, 886 F.3d at 427 citing **In re Jones**, 226 F.3d 328 (4th Cir. 2000).

At the time of Mr.Robinson's conviction, the Eleventh Circuit permitted convictions for violating 18 U.S.C. § 922(g)(1) when the accused had a prohibited status but did not know of the prohibited status. Similarly the Eleventh Circuit permitted conviction of § 922(g)(1), § 924(e)(1) the Armed Career Criminal Act even though the accused did not understand that his status involved an ACCA violation. See **United States v. Jackson**, 120 F.3d 1226 (11th

Cir. 1997) (this circuit deems § 922(g) convictions as status crimes that do not require knowledge of prohibited status). Mr. Robinson meets the first criteria for § 2241 relief, that is, at the time of his conviction circuit precedent found that his conviction was valid and legal. In Rehaif, the Supreme Court expressly overturned the Eleventh Circuit precedent, that held § 922(g) did not require the scienter of knowingly. Thus, bringing Mr. Robinson squarely within the second criteria for § 2241 jurisdiction "subsequent to...first § 2255 motion, the substantive law change such that the prisoner's conduct...is deemed not to be criminal." See Jones, 226 F.2d at 333-34.

Finally, the Rehaif rule is one of statutory interpretation rather than a rule of constitutional law, thus despite its retroactive nature the rule does not meet the criteria under § 2255(h) for a second or successive § 2255 motion, therefore, § 2255 is inadequate and ineffective, and § 2241 is available.

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

6-14-20

Larry Robinson